The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
* * * * * * * * * * *
The issues raised by plaintiff at the hearing before the Deputy Commissioner were as follows: plaintiff sought a change of physician and ongoing medical treatment, including psychiatric treatment; plaintiff claimed treatment for his injury to his shoulder should also be covered by workers compensation insurance; plaintiff also sought attorney's fees related to prior representation of plaintiff in this matter with regard to re-starting benefits. Finally there was an issue with regard to return to work.
Subsequent to the hearing before the Deputy Commissioner, some of the issues were resolved. Specifically, the defendants approved Dr. Derian as plaintiff's treating physician and approved the surgery he recommended and which plaintiff was seeking. In view of the impending surgery, defendants also continued paying plaintiff temporary total disability benefits, so that return to work was no longer an issue. The only remaining issues were the compensability of the injury to plaintiff's shoulder and plaintiff's requests for psychiatric treatment and for attorney's fees.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. This is an admittedly compensable claim.
3. Plaintiff's average weekly wage was $481.44, yielding a compensation rate of $320.98.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was born August 20, 1959. He has completed high school and two and one-half years of college.
2. Plaintiff sustained an admittedly compensable injury by accident while working for UPS on June 25, 1993. The Form 21 approved by the Commission on December 16, 1993 indicates plaintiff injured his shoulder and back.
3. Since the initial injury plaintiff has at times returned to light duty or regular duty. On one such occasion, on or about April 29, 1994, plaintiff was loading packages when he tripped and fell into the conveyor belt. He hit the belt with his chest and arms, and felt pain in his back. This aggravated his previous back injury, as well as his shoulder.
4. On May 20, 1994, plaintiff was working in a trailer alone loading packages. He lifted a package which he thought weighed 36 pounds, but instead the package weighed 86 pounds. In doing this lifting, plaintiff again aggravated his back condition and shoulder. This injury is the subject of another claim in Industrial Commission Docket Number 500762.
5. Plaintiff began complaining to Dr. Comstock about his right shoulder in January, 1995, although he indicated he had pain there for some eight months. This coincides with plaintiff's fall of April 29, 1994 which aggravated plaintiff's shoulder.
6. Plaintiff's shoulder injury is part of his compensable claim as established by the Form 21 and the medical records.
7. As a result of his back and shoulder injuries, and his extensive time out of work, plaintiff has become moody and depressed. The evidence indicates that plaintiff could benefit from psychiatric counseling which could help him to deal with the consequences of his injuries.
8. Plaintiff was previously represented in this matter by attorney Victor Farah. This was a case of admitted compensability, in which defendants previously stopped paying benefits even though the Form 24 application had been denied. By Order filed July 21, 1994, Executive Secretary Nick P. Davis ordered defendants to restart benefits, and awarded a ten percent penalty. Executive Secretary Davis subsequently gave approval, via telephone conference with Mr. Farah, for an attorney's fee of twenty-five percent of the accrued compensation due plaintiff. Mr. Farah did not seek fees from plaintiff's ongoing benefits. Plaintiff consented in writing to the award of attorney's fees. This award of attorney's fees was made pursuant to a contract between plaintiff and his attorney.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Executive Secretary previously approved a reinstatement of benefits for plaintiff with a ten percent penalty. Pursuant to that Order, plaintiff's counsel was awarded a reasonable attorney's fee based upon twenty-five percent of the compensation accrued and owing to plaintiff.
2. Plaintiff's right shoulder injury was listed on the original Form 21 approved by the Commission and therefore is compensable. Plaintiff's testimony, along with the medical records also establish that his right shoulder injury is compensable. His shoulder was aggravated in his fall of April 29, 1994 and the lifting incident of May 20, 1994, both of which occurred while plaintiff was back at work.
3. Plaintiff is entitled to payment by defendants of medical treatment, including psychiatric treatment, to the extent the same is reasonably necessary to effect a cure, give relief or lessen plaintiff's period of disability.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for attorney's fees to be paid by defendants and not deducted from the amount of his prior award of compensation is DENIED.
2. Defendants shall continue to pay for plaintiff's medical expenses for treatment rendered to the extent the same tends to effect a cure or give relief for plaintiff's back or shoulder injuries or tends to lessen the period of disability.
3. Defendants shall pay plaintiff's medical expenses for psychiatric treatment related to his depression arising from his injuries from the compensable accident and subsequent aggravation of his condition.
4. Defendants shall pay the costs.
 S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
LKM/bjp